UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Devin Larson,<br><br>    Plaintiff,<br><br>v.<br><br>TriVerity, Inc.,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## **PARTIES**

1. Plaintiff, Devin Larson ("Devin"), is a natural person who resided in Hudson, Wisconsin, at all times relevant to this action.

2. Defendant, TriVerity, Inc. ("TriVerity"), is a Minnesota corporation that maintained its principal place of business in Wyoming, Minnesota, at all times relevant to this action.

## **JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## **STATEMENT OF FACTS**

5. At all times relevant to this action, TriVerity collected consumer debts.

6. TriVerity regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of TriVerity's revenue is debt collection.

8. TriVerity is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, TriVerity contacted Devin to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Devin is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. It is the policy and practice of TriVerity to use fabricated names of non-existent employees in communications in connection with the debt.

13. One such example is TriVerity's use of the name "Kenny West" as a faux escalation point.

14. TriVerity sends letters to consumers supposedly from "Kenny West" indicating that a consumer's file has been (1) referred to Kenny West's desk for review, (2) demands payment within 5 days to avoid further collection activity and (3) demands that consumers telephone TriVerity to speak with Kenny West.

15. On June 1, 2023, TriVerity mailed one such letter to Devin. *See* Exhibit A.

16. Believing that TriVerity had escalated the matter to Kenny, and that Kenny was a lawyer, Devin attempted to call Kenny to prevent Kenny from filing a lawsuit against Devin.

17. Upon calling TriVerity in an attempt to settle the debt, Devin was unable to get in touch with Kenny and was instead instructed to leave him a message.

18. Fearful that Kenny would file a lawsuit against Devin prior to returning his call, Devin began inquiring about Kenny's schedule and was told that Kenny was already in court.

19. Additionally, during this telephone call, TriVerity provided a detailed story about Kenny including the fact that Kenny West is rarely available for telephone calls because, something substantially similar to "Kenny is always in court".

20. It is the policy and practice of TriVerity to have its employees make false and fabricated statements as to the behavior and actions of Kenny West.

21. TriVerity followed that policy, procedures, and practice here in that while Devin attempted to reach Kenny West, TriVerity provided Devin with a convoluted storyline about Kenny including mentioning repeatedly that Kenny was at court.

22. Because of the contents of the letter, and TriVerity's proclamations about Kenny West, at the time not knowing that Kenny West did not exist, Devin refused to speak to anyone other than Kenny West.

23. When Devin called TriVerity, TriVerity did not inform Devin that Kenny West did not exist and instead told Devin that Kenny would return his call while regurgitating a confusing storyline about Kenny's involvement with the court system.

24. Kenny never returned Devin's call.

25. As a result of TriVerity's Kenny West narrative, Devin's credit has been negatively impacted in that, but for the narrative, Devin would have attempted to settle the debt.

26. As a result of TriVerity's policies, procedures and practice, Devin's debt remains unresolved which, but for TriVerity's deception relating to Kenny West, would have likely been paid.

27. TriVerity's use of a fabricated escalation point, along with its policy and practice of using the fabricated alias and storyline in relation to implicitly threatening legal action, violates state and federal law.

28. TriVerity's collection efforts including, but not limited to its letters and fabricated storylines, caused Devin emotional distress in the form of frustration, annoyance, aggravation and anxiety.

29. TriVerity's collection efforts including, but not limited to its letters and fabricated storylines delayed Devin's attempt to resolve the debt, thus negatively impacting Devin's credit standing.

30. Devin has suffered concrete harm as a result of TriVerity's actions, including but not limited to, invasion of privacy, decrease in credit standing, the aggravation that accompanies false collection letters and false threats, emotional distress, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone and wasted time leaving messages for fabricated people.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 30 above as if fully set forth herein.

32. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

33. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

34. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

35. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

36. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 30 above as if fully set forth herein.

37. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

38. Defendant's policies and procedures, as described, *supra*, constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

39. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

40. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

41. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 30 above as if fully set forth herein.

42. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

43. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 30 above as if fully set forth herein.

44. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

45. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

46. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: July 7, 2023

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*